IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:98-CR-00052-F-2
No. 7:12-CV-00028-F

| | | |
|---|---|---|
| JAMES EARL BAKER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-50, DE-51] James Earl Baker's pending Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE-42, DE-45]. In his § 2255 motion, Baker contends that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In its Motion to Dismiss, the Government argues that dismissal is warranted under Rule 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, the § 2255 motion should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Procedural Background**

Baker was charged in four counts of a five-count indictment. *See* Indictment [DE-3]. On September 28, 1998, pursuant to a written plea agreement [DE-30], Baker entered a plea of guilty to Count Two of the indictment. Count Two charged Baker with having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, did unlawfully possess in and affecting commerce a firearm, in violation of 18 U.S.C. § 922(g). *See* Indictment [DE-3].

On December 14, 1998, Baker was sentenced to 235 months' imprisonment. *See*

Judgment [DE-34]. Baker file a notice of appeal. [DE-35.] On September 24, 1999, in an unpublished decision, the Fourth Circuit Court of Appeals affirmed Baker's conviction and sentence. [DE-37.]

Baker filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on October 23, 2000. [DE-39.] On January 3, 2001, the court dismissed the Motion to Vacate. [DE-40.]

**Discussion**

As noted above, Baker previously filed a § 2255 motion that was resolved on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The undersigned notes that the district courts in the Fourth Circuit which have addressed the issue have held that even petitions that raise *Simmons* claims are properly characterized as successive petitions. *See Waters v. United States*, No. 1:01-cr-00048-MR-10, 2013 WL 300826, at *1 (W.D.N.C. Jan. 25, 2013) (dismissing a successive § 2255 petition raising *Simmons* claims); *Evans v. Warden at FMC Butner*, No. 5:12-HC-2043-FL, 2012 WL 6633942, at *2 (E.D.N.C. Dec. 20, 2012) (stating that if an action raising a *Simmons* claim were treated as a § 2255 petition, it would be dismissed as successive); *Newman v. United States*, No. 6:04-cr-01127-GRA-8, 2012 WL 6618754, at *2 (D.S.C. Dec. 19, 2012) (dismissing as unauthorized a successive § 2255 petition raising *Simmons* claims); *Jones v. United States*, No. WDQ-92-0301, 2012 WL 3115756, at *2 (D.Md. July 25, 2012) (dismissing as unauthorized a successive § 2255 petition raising *Simmons* claims).

For the foregoing reasons, the Government's Motion to Dismiss [DE-50, DE-51] is ALLOWED, and Baker's § 2255 motion [DE-42, DE-45] seeking relief on *Simmons* grounds is

2

DISMISSED. The undersigned further concludes that Baker has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the /3 day of September, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge